**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **NETZSCH PREMIER TECHNOLOGIES, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Cause No. 1:16-cv-781-WTL-MPB** |
| **PÜHLER FEINMAHLTECHNIK GMBH A/K/A PÜHLER (GUANGDONG), et al.,** | ) | |
| **Defendants.** | ) | |

**ENTRY ON PENDING MOTIONS**

This cause is before the Court on two motions: the Plaintiff's Motion for Entry of Default (Dkt. No. 16) and the Motion of Overhauser Law Offices, LLC, to Intervene for Limited Purpose of Establishing Lack of Authorization to Accept Service (Dkt. No. 18). The motions are ripe for review and the Court, being duly advised, **DENIES** both motions for the reasons set forth below.

## A. Factual Background

This is an action for trademark infringement brought by the Plaintiff against three Defendants, two individuals and a corporation, each of which is alleged to be a resident of China. The present motions concern the propriety of the Plaintiff's attempted service upon the Defendants.

The Plaintiff filed its initial Complaint against the Defendants on April 8, 2016, and had the Complaint and summonses served on all three Defendants by hand delivery to the individual Defendants, Dennis Lei and William Li, on April 12, 2016, while they were in Indiana attending a trade show.

The Plaintiff filed an Amended Complaint on April 28, 2016. At that point, no counsel had appeared on behalf of the Defendants in the case and they had not filed any response to the Complaint; indeed, the deadline to respond had not expired. However, counsel for the Plaintiff had communicated with attorney John Bradshaw from the Overhauser Law Offices about the case since serving the Defendants; these communications included a letter from Bradshaw in which he stated that the firm represented the Defendants in the lawsuit and stated his intention to file a motion to dismiss. The lawyers also discussed the possibility of agreeing to an extension of the Defendants' response deadline. Assuming based on these discussions that Bradshaw was authorized to accept service on behalf of the Defendants, the Plaintiff served the Amended Complaint on the Defendants by mailing it to Bradshaw.

The Defendants did not file a response to the Amended Complaint. On June 28, 2016, the Plaintiff filed the instant Motion for Clerk's Entry of Default, asserting that it had effected service of the Amended Complaint on April 28, 2016, and therefore the Defendants' response had been due by May 12, 2016, pursuant to Federal Rule of Civil Procedure 15(a)(3).[1]

On July 6, 2016, before the Court had reviewed the Motion for Clerk's Entry of Default, attorney Paul B. Overhauser appeared in this case and filed a Motion to Intervene for Limited Purpose of Establishing Lack of Authorization to Accept Service on behalf of Overhauser Law Offices, LLC (hereinafter referred to as "Overhauser"). The gist of Overhauser's Motion is that

[1]This is actually incorrect. If an amended pleading is served by mailing it to a party's attorney, that is service made under Rule 5(b)(2)(C), and therefore, pursuant to Federal Rule of Civil Procedure 6(d), "3 days are added after the period would otherwise expire under Rule 6(a)." Accordingly, if service had properly been made on April 28, 2016, by mailing the Amended Complaint to Bradshaw, the Defendants' answers would have been due on May 16, 2016, not May 12th.

the Plaintiff's Amended Complaint required service in accordance with Federal Rule of Civil Procedure 4 and that service upon John Bradshaw was ineffective for this purpose.

**B. Discussion**

The Plaintiff seeks entry of default against the Defendants because they have failed to file an answer or otherwise respond to the Amended Complaint. Entry of default is governed by Federal Rule of Civil Procedure 55(a): "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." It is axiomatic that entry of default against a party is appropriate only if that party was adequately served. Accordingly, the issue is whether service of the Amended Complaint upon the Defendants through John Bradshaw of the Overhauser Law Offices was effective service.

It is not immediately clear under the applicable rules whether an amended pleading must always be served pursuant to Rule 4 on a party that has not yet appeared, or whether Rule 5 service suffices under some circumstances.[2] The Court need not resolve this question, however, because the Plaintiff's service via Bradshaw would not suffice under either rule.

The Plaintiff's attempted service upon Defendants through Bradshaw was ineffective under Rule 5 because Bradshaw had not entered an appearance in this matter. Generally, after service of a summons, additional pleadings may be served upon an attorney in accordance with

[2]The Fifth Circuit has held that a party who has not appeared but is not yet in default must be served additional pleadings in accordance with Rule 4. *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co*., 753 F.2d 444, 449 n.7 (5th Cir. 1985) ("We find no authority directly on point, but we agree with the Norfolk & Western's suggestion that Rule 5(a) service is proper only after a party has appeared in an action."); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4."). It does not appear that the Seventh Circuit has addressed the precise issue.

Federal Rule of Civil Procedure 5(b), which provides that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." However, the provisions of Rule 5 regarding service upon an attorney apply only after a party has made an appearance in the proceeding. *See Cent. Ill. Carpenters Health & Welfare Trust Fund v. Con-Tech Carpentry, LLC*, 806 F.3d 935, 937 (7th Cir. 2015) (excusing failure to serve subsequent motion papers upon counsel because "until counsel files an appearance . . . adverse parties are supposed to serve the litigant itself"); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1146 (4th ed.) ("The service provisions of Rule 5 apply only to parties who have appeared."). Accordingly, the Plaintiff's attempted service of the Amended Complaint upon the Defendants through Bradshaw was ineffective under Rule 5 because Bradshaw had not filed an appearance in this case.

The Plaintiff's attempted service upon the Defendants through John Bradshaw was also ineffective under Rule 4. Rules 4(f)(1) and (h)(2) generally require service upon individuals and business entities outside of the United States in accordance with "internationally agreed means," if available. Unlike Rule 5, Rule 4 does not contain any provision for service upon the attorney of a party. Accordingly, the Plaintiff's attempted service of the Amended Complaint through Bradshaw was ineffective under Rule 4 as well.

Because the Plaintiff's attempted service of the Amended Complaint on the Defendants was ineffective, the Plaintiff's Motion for Entry of Default (Dkt. No. 16) is **DENIED**. The Plaintiffs may proceed to serve the Defendants with the Amended Complaint in accordance with Rule 4.

In light of this ruling, the Motion of Overhauser Law Offices, LLC, to Intervene for Limited Purpose of Establishing Lack of Authorization to Accept Service (Dkt. No. 18) is

**DENIED AS MOOT**. The Clerk is directed to remove reference to Intervenor Overhauser Law Offices, LLC, from the top of the docket.

SO ORDERED: 11/7/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification